United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JANEECE FIELDS,
Plaintiff,

v.

BANK OF NEW YORK MELLON, et al.,
Defendants.

Case No. 17-cv-00272-JST

**ORDER GRANTING MOTION TO DISMISS**

Re: ECF No. 4

Before the Court is Defendant Bank of New York Mellon's ("BONY") Motion to Dismiss Plaintiff Janeece Fields' ("Fields") Second Amended Complaint. ECF No. 4. The Court will grant the motion with prejudice in part and without prejudice in part.

## I. BACKGROUND

This is a foreclosure case. In 2007, Plaintiff Janeece Fields applied for a loan secured by a Deed of Trust against her home in order to refinance an existing loan. ECF No. 4 at 9. In 2012, BONY commenced an action against Fields in the Sonoma County Superior Court to establish the validity and priority of the Deed of Trust ("2007 Deed of Trust") securing the refinancing loan she took out in 2007. Id. at 10. In response to that action, Fields filed an answer asserting a number of affirmative defenses and also filed a cross-complaint against BONY and other defendants. Id. On March 24, 2014, Fields filed a Second Amended Cross-Complaint ("SACC") alleging five causes of action: (1) fraud, deceit and concealment; (2) breach of contract; (3) quiet title (as to defendants and all others claiming right to the property); (4) equitable bill *quia timet* (under C.C.P. 1050); and (5) cancellation of the Note and Deed of Trust and rescission of the Notice of Default recorded June 17, 2013. SACC, ECF No. 4-11. On October 8, 2014, Fields voluntarily dismissed the SACC with prejudice, without affecting her affirmative defenses to BONY's affirmative claims. ECF No. 4-12.

After Fields dismissed her cross-complaint, BONY also voluntarily dismissed its complaint without prejudice on or about October 24, 2014. ECF No. 17 at 9. Nearly two years later, on June 21, 2016, the law firm of Zieve, Brodnax & Steele, issued and sent a Notice of Default and Election to Sell Under [2007] Deed of Trust ("NOD"). ECF No. 4 at 11. A Notice of Trustee Sale ("NOS") dated December 6, 2016 was signed by an agent of Zieve, Brodnax & Steele. Id.

Fields commenced the present action against BONY on September 30, 2013, when she filed her First Amended Cross-Complaint. ECF No. 4 at 11 n.5. On December 29, 2016, Fields filed a Second Amended Complaint ("SAC") against BONY, which is currently before the Court. It asserts eight causes of action: (1) cancellation of instruments; (2) slander of title; (3) violation of Fair Debt Collecting Practices Act; (4) Truth in Lending Act violations; (5) California Rosenthal Act violations; (6) unfair business practices under the California Unfair Competition Law; (7) Fair Credit Reporting Act violations; and (8) negligence. SAC, ECF No. 1-3. The SAC's allegations include claims from the prior action as well as new claims involving the 2016 NOD and NOS, which were not part of the prior action.

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 663. "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir.2008). For purposes of a motion to dismiss, "all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir.1996).

United States District Court
Northern District of California

## III. DISCUSSION

### A. Res Judicata and Collateral Estoppel

Defendants argue that Fields' claims are barred by claim preclusion. "A federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984). "The application of claim preclusion in California focuses on three questions: (1) was the previous adjudication on the merits, (2) was it final, and (3) does the current dispute involve the same 'claim' or 'cause of action.'" Kay v. City of Rancho Palos Verdes, 504 F.3d 803, 808 (9th Cir. 2007) (quoting Robi v. Five Platters, Inc., 838 F.2d 318, 324 (9th Cir. 1988)). California courts have consistently found that two suits involve the same cause of action when they involve the same "primary right." Brodheim v. Cry, 584 F.3d 1262, 1268 (9th Cir. 2009). "[A] 'cause of action' is comprised of a 'primary right' of the plaintiff, a corresponding 'primary duty' of the defendant, and a wrongful act by the defendant constituting a breach of that duty." Mycogen Corp. v. Monsanto Co., 28 Cal.4th 888, 904 (2002) (quoting Crowley v. Katleman, 8 Cal.4th 666, 681-81 (1994)). "The most salient characteristic of a primary right is that it is indivisible: the violation of a single primary right gives rise to but a single cause of action." Id. Under this theory, the determinative factor is the harm suffered. Carollo v. Vericrest Fin., Inc., No. 11-CV-4767 YGR, 2012 WL 4343816, at *5 (N.D. Cal. Sept. 21, 2012). Thus, "if two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." San Diego Police Officers' Ass'n v. San Diego City Emps. Ret. Sys., 568 F.3d 725, 734 (9th Cir. 2009) (quoting Eichman v. Fotomat Corp., 147 Cal.App.3d 1170, 197 Cal.Rptr. 612, 614 (1983)) (internal alterations omitted).

In 2012, BONY, as beneficiary of the 2007 Deed of Trust, filed an action against Fields seeking to enforce the Deed of Trust. Fields filed an answer asserting affirmative defenses in response to BONY's action, then filed a cross-complaint asserting a number of affirmative claims stemming from her contention that "BONY lacks standing and capacity to bring . . . claims"

against Fields. ECF No. 4-11 at 5. On October 8, 2014, Fields dismissed her counter-claims with prejudice, ECF No. 4-12, and BONY commenced nonjudicial foreclosure of Fields' property by filing a Notice of Default ("NOD") and Notice of Trustee Sale ("NOS"), ECF No. 4 at 11.

Defendant BONY argues that all of Fields' allegations are barred by claim preclusion because they were dismissed with prejudice when Fields voluntarily dismissed her SACC. Id. at 14. The SAC and SACC involve the same primary right because they are both "inextricably based on the alleged invalidity of the 2007 Deed of Trust." Id. at 15. Furthermore, the 2016 NOD and NOS are similarly barred by claim preclusion because those documents "merely seek to enforce rights under the 2007 Deed of Trust." Id. Therefore, BONY argues, Fields waived her right to raise a claim regarding the 2007 Deed of Trust when she dismissed her SACC with prejudice. Id. at 11.

The Court agrees that the causes of action in the SAC are precluded by Fields' voluntary dismissal of the SACC.

**1. Same Primary Right**

The causes of action in the SAC involve the same primary right of those in the SACC. In California, two actions involve the same primary right if they involve the "same injury to the Plaintiff and same wrong by the defendant." San Diego Police Officers' Ass'n, 568 F.3d at 734. Here, all of Field's causes of action in her SAC and SACC involve the same conduct of the Defendants and the same injury to her. Specifically, the claims involve the same property and the same Deed of Trust that was issued in 2007. The only new information in the SAC is that BONY filed an NOD and NOS in 2016. But two actions still involve the same primary right even if "in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." Id. Fields alleges no facts to show that the NOD or NOS were in and of themselves procedurally or substantively defective. Her allegations regarding the NOD and NOS depend on the illegality of the Deed of Trust, an issue that was resolved on the merits when Fields voluntarily dismissed the SACC with prejudice. See SAC, ECF No. 1-3. As Fields dismissed with prejudice her claims regarding the Deed of Trust, she cannot raise them again now by tacking them onto new allegations regarding the NOD and NOS, which were

documents filed by BONY in exercise of their rights as Beneficiary to the Deed of Trust. Despite the fact that these documents came into existence after Fields filed her SACC, her claims based on them are derivative of the Deed of Trust claims that were dismissed with prejudice, and are therefore barred by res judicata.

Tobin v. Nationstar Mortg., Inc., No. 216CV00836CAS(ASax), 2016 WL 1948786, at *6 (C.D. Cal. May 2, 2016) is instructive. In Tobin, as here, the plaintiff alleged both in the prior and current actions that the defendant lacked the legal right to foreclose on his property because there were various defects in the Deed of Trust. Id. at *5. The court found that both lawsuits involved the same primary right of being "free from an unlawful foreclosure." Id. (citing Mendaros v. JPMorgan Chase Bank, N.A., No. 14-CV-01260-JST, 2014 WL 3373447, at *4 (N.D. Cal. July 9, 2014). The court barred Tobin's claims under the doctrine of res judicata, finding that Tobin's second lawsuit was an attempt to "preempt a threatened nonjudicial foreclosure by a suit questioning the foreclosing party's right to proceed." Id. at *7. California courts have rejected such preemptive suits because they "result in the impermissible interjection of the courts into a nonjudicial scheme enacted by the California Legislature." Id. (quoting Saterbak v. JP Morgan Chase Bank, N.A., 199 Cal. Rptr. 3d 790, 795 (Cal. Ct. App. 2016)) (internal quotation marks omitted).

This matter is similar. Fields challenged BONY's right to hold the Deed of Trust to her property, abandoned her claims with prejudice, and now attempts to stop BONY from proceeding with the nonjudicial foreclosure by again attacking the authority of the Deed of Trust, and by extension the validity of the NOD and NOS, in s new lawsuit. "California's nonjudicial foreclosure law does not provide for the filing of a lawsuit to determine whether [an entity] has been authorized by the holder of the Note to initiate a foreclosure." Id. (quoting Gomes v. Countrywide Home Loans, Inc., 192 Cal. App. 4th 1149, 1156 (2011)). Both actions involve the same primary right, that is, Fields' right to be free from an improper foreclosure. Fields attempted to bring such a claim in 2014 and it was resolved by voluntary dismissal, therefore she is barred by the doctrine of res judicata from bringing it again.

**2. Same Parties**

The second prong of res judicata is met because the action involves the same parties. Fields argues that she was not party to the first suit because it was filed against her as an individual. The present suit involves her in her capacity as trustee. She therefore argues the parties are not the same. ECF No. 17 at 16.

"For purposes of res judicata, privity exists where two parties represent the interests of the same entity." In re Dominelli, 820 F.2d 313, 317 (9th Cir. 1987) (holding that a plaintiff was barred from bringing an independent action on behalf of an estate when the estate's trustee had brought an action on behalf of the estate previously). Here, the property originally belonged to Fields as an individual until 2009 when she conveyed it to herself as trustee, see ECF No. 4-1, 4-2, 4-3, and the Court has no difficulty concluding that the "two parties represent the interests of the same entity." Bayview Loan Servicing and Zieve, Brodnax & Steele, LLP are also in privity with a party from the previous suit (Bank of America) as successor servicer and trustee, respectively. Privity exists between the parties in the first and second action, and the second prong of res judicata is therefore met.

**3. Prior Action Decided on the Merits**

"A dismissal with prejudice is the equivalent of a final judgment on the merits, barring the entire cause of action." Boekin, 48 Cal.4th 788, 809 (2010). It is not disputed that Fields dismissed with prejudice all of the claims in her SACC. ECF No. 4-12. The third prong of res judicata is therefore met.[1]

**B. Whether Leave To Amend Is Appropriate**

The Court acknowledges that Fields was not able to raise claims related to the NOD and NOS because they had not been filed at the time she filed her SACC in 2014. This does not mean, however, that they are not barred by res judicata. "A different legal label for an issue does not preclude res judicata; nor does asserting new claims based on the same facts." Carollo v. Vericrest

[1] Defendant argues in the alternative that certain of Fields' claims should be dismissed because she brought them outside of the statute of limitations and that many claims fail as a matter of pleading. ECF No. 4 at 18, 20. As the Court finds that all of Fields' claims are precluded by res judicata, it concludes it is unnecessary to reach these other arguments.

Fin., Inc., No. 11-CV-4767 YGR, 2012 WL 4343816, at *5 (N.D. Cal. Sept. 21, 2012) (citing Tahoe–Sierra Preservation Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1078 (9th Cir.2003)). The Court finds that the new claims concerning the NOD and NOS relate to the same primary right as the claims raised in Fields' initial SACC. As discussed above, Fields is barred from relitigating those claims in her SAC. The SAC is dismissed with prejudice to the extent it contains claims that were brought in the 2014 SACC.

However, Fields also alleges in the SAC that the NOD contained substantive and procedural defects, although she does not allege facts supporting those allegations. Bare assertions do not suffice to survive a motion to dismiss. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556, 127 S. Ct. 1955, 1966, 167 L. Ed. 2d 929 (2007). Courts give leave to amend freely when justice so requires, unless it appears amendment will be futile. Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962). The Court therefore grants Fields leave to amend her claims to provide facts sufficient to show that the NOD or NOS are substantively or procedurally deficient independent of the original deed of trust.

The Court will not entertain any further claims that relate to the 2007 Deed of Trust or any allegations from Fields' SACC that were dismissed with prejudice.

**CONCLUSION**

The motion to dismiss is granted with prejudice in part and without prejudice in part.[2] Plaintiff may amend her complaint within 30 days solely for the purpose of curing the deficiencies identified in this order.

/ / /

/ / /

/ / /

[2] BONY makes several requests for judicial notice. The Court may "take judicial notice of matters of public record outside the pleadings." Castle v. Mortg. Elec. Registration Sys., Inc., No. EDCV 11-00538 VAP, 2011 WL 3626560, at *3 (C.D. Cal. Aug. 16, 2011) (quoting Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir.1988)); Fed. R. Evid. 201. The Court may also take judicial notice of court filings. United States v. Black, 482 F.3d 1035, 1041 (9th Cir. 2007). Because all of the documents BONY presents are matters of public record or court filings. BONY's request for judicial notice is granted.

The Case Management Conference currently scheduled for May 3, 2017 is CONTINUED to July 26, 2017 at 2:00 p.m. Case Management Statements are due by July 17, 2017.

IT IS SO ORDERED.

Dated: May 1, 2017

JON S. TIGAR
United States District Judge

United States District Court
Northern District of California