UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANEECE FIELDS,<br><br>    Plaintiff,<br><br>v.<br><br>BANK OF NEW YORK MELLON, et al.,<br><br>    Defendants. | Case No. 17-cv-00272-JST<br><br>**ORDER GRANTING MOTIONS TO DISMISS AND STRIKE AND DENYING AS MOOT MOTION FOR LEAVE TO AMEND**<br><br>Re: ECF No. 44, 51, 66 |

Before the Court are Defendants' motions to strike or dismiss, ECF Nos. 44, 51, and Plaintiff Janeece Fields's motion for leave to amend to identify Doe Defendants, ECF No. 66. The Court will grant the motions to strike or dismiss and deny as moot the motion for leave to amend.

I.  **BACKGROUND**

As this Court explained in its order dismissing Fields's second amended complaint ("SAC"), this action follows a state court action brought by Defendant Bank of New York Mellon ("BONY") to establish the validity and priority of a 2007 Deed of Trust that Fields used to secure a refinancing loan. Id. In that prior action, Fields filed a second amended cross-complaint ("SACC") that she later voluntarily dismissed with prejudice, and BONY subsequently voluntarily dismissed its case without prejudice in October 2014. Id. at 1-2.

Nearly two years later, Fields received a Notice of Default and Election to Sell Under Deed of Trust ("NOD") on June 21, 2016, and a Notice of Trustee Sale ("NOS") on December 6, 2016. Id. at 2. Although the SAC alleged claims based on the NOD and NOS – both of which were issued after the prior state court action was dismissed – this Court held that the SAC and SACC involved the same primary right. Id. at 4-5. Because the other prongs of res judicata were also satisfied, the Court concluded "that the causes of action in the SAC are precluded by Fields'

voluntary dismissal of the SACC." Id. at 4. The Court therefore dismissed the SAC "with prejudice to the extent it contains claims that were brought in the 2014 SACC." Id. at 7.

However, the Court "grant[ed] Fields leave to amend her claims to provide facts sufficient to show that the NOD or NOS are substantively or procedurally deficient independent of the original deed of trust." Id. The Court explained that the allegations in the SAC did "not suffice to survive a motion to dismiss." Id. The Court further explained that it "would not entertain any further claims that relate to the 2007 Deed of Trust or any allegations from Fields' SACC that were dismissed with prejudice," and gave Fields leave to amend "*solely* for the purpose of curing the deficiencies identified in this order." Id. (emphasis added).

Fields filed a timely amended complaint, which she captioned the First Amended Complaint ("FAC").[1] ECF No. 38. Although she was not given leave to do so, Fields included in the FAC several new defendants and causes of action. BONY moves to strike or dismiss the FAC. ECF No. 44. Newly added Defendant Bank of America also moves to strike or dismiss the FAC. ECF No. 51. Fields opposes both motions, ECF No. 59, and separately moves to amend the FAC to identify Doe Defendants, ECF No. 66.

## II. DISCUSSION

### A. Requests for Judicial Notice

BONY requests that the Court take judicial notice of one document filed in the prior state court action and two documents filed in this action in state court before it was removed. ECF No. 45. Courts "may take judicial notice of court filings and other matters of public record." Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006). Accordingly, BONY's requests for judicial notice are granted.

### B. Allegations Concerning the 2007 Deed of Trust

The FAC repeats allegations and claims relating to the 2007 Deed of Trust. E.g., ECF No. 38 ¶¶ 3, 8-9, 66-149. The Court will not consider any of these allegations or claims because they have already been dismissed with prejudice. ECF No. 36 at 7.

---

[1] The Court will refer to the operative complaint as the FAC, although it is Fields's third amended complaint.

2

Fields argues in her opposition that not all of the claims she now alleges were brought in the SACC. ECF No. 59 at 6. However, as this Court explained in its prior order, the claims in the SAC all "involve the same primary right of those in the SACC," and they are therefore barred by res judicata. ECF No. 36 at 4; see also id. at 7 ("The Court finds that the new claims concerning the NOD and NOS relate to the same primary right as the claims raised in Fields' initial SACC. As discussed above, Fields is barred from relitigating those claims in her SAC.").

### C. Allegations Concerning the NOD and NOS

The Court gave Fields leave to amend "solely" "to provide facts sufficient to show that the NOD or NOS are substantively or procedurally deficient independent of the original deed of trust." ECF No. 36 at 7. Most of the allegations in the FAC are repeated from the SAC. Compare, e.g., ECF No. 38 (FAC) ¶¶ 12, 14, 16-21, 47-49, 52 with ECF No. 1-3 (SAC) at 165-67, 171. The Court already found these allegations to be insufficient to state a claim. ECF No. 36 at 7.

The FAC contains no new allegations regarding the NOS. The FAC does contain additional allegations regarding the NOD, but these do not help Fields state a claim. Fields now alleges that she "REPEATEDLY REQUESTED" documents supporting the validity of the NOD but never received them. ECF No. 38 ¶¶ 14-15. However, the SAC already alleged that, "The NOD contains a false statement that BLS, and/or its [predecessor-in-interest], received a 'Written Declaration of Default and Demand for Sale', when in fact the trustee never received such declaration and demand as required by California foreclosure laws,"[2] and that, "None of the Defendants maintain business records substantiating any of the factual recitals contained in the NOD." ECF No. 1-3 at 167, 171; see also ECF No. 38 ¶¶ 12, 50 (repeating these allegations). The new allegations add only that Fields repeatedly requested the documents that Defendants allegedly did not maintain. This does not substantially alter the allegations that the Court already found to be insufficient in the SAC.

More significantly, the other new allegations underscore Fields's basic contention that the

---

[2] BLS refers to Bayview Loan Servicing, which Fields alleges is BONY's loan servicer. ECF No. 38 at 3.

1  NOD is deficient because the Deed of Trust is invalid. For example, Fields alleges that the Deed
2  of Trust is a "wild deed" that neither she nor Lawrence Fields authorized or signed. ECF No. 38
3  ¶ 51. Likewise, she alleges that the NOD is invalid because "BONY had no authority"; "the
4  [Deed of Trust] . . . was never executed by Plaintiff or the other title holder, the Note was never
5  executed by Plaintiff or the other title holder, and the [Deed of Trust] should never have been
6  recorded. . . . Therefore, there is no discernible party to act as the only rightful party to execute
7  the NOD." Id. ¶ 52. As the Court explained in its previous order, Fields cannot relitigate any
8  claims based on the alleged invalidity of the Deed of Trust. ECF No. 36 at 4-7. Thus, these
9  claims must be dismissed.

The Court will also deny leave to amend. "A district court's discretion to deny leave to amend is 'particularly broad' where the plaintiff has previously amended." Salameh v. Tarsadia Hotel, 726 F.3d 1124, 1133 (9th Cir. 2013) (citation omitted). However, "before dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992). The Court provided such notice in its prior order, and Fields failed to cure the identified deficiencies. The SAC continues to fail to allege "facts sufficient to show that the NOD or NOS are substantively or procedurally deficient independent of the original deed of trust." ECF No. 36 at 7. The Court therefore dismisses all claims relating to the NOD and NOS with prejudice.

### D. New Allegations

Fields names several new defendants and asserts new causes of action in the FAC. These additions "exceed the scope of leave to amend granted by the court" and are therefore stricken. Gerritsen v. Warner Bros. Entm't Inc., 116 F. Supp. 3d 1104, 1125 (C.D. Cal. 2015); see also PB Farradyne, Inc. v. Peterson, No. C 05-3447 SI, 2006 WL 2578273, at *3 (N.D. Cal. Sept. 6, 2006) (striking allegations that were "outside the scope of the leave to amend granted" by a prior court order and denying leave to amend to include such allegations). Although Fields requests leave to amend in her opposition, ECF No. 59 at 6-7, she fails to respond to any of Defendants' arguments that the newly added claims fail to state a claim, ECF No. 44 at 16-25; ECF No. 51 at

4

16-18. Leave to amend is therefore denied.

### E. Motion for Leave to Amend to Identify Doe Defendants

Finally, Fields filed a separate motion for leave to amend the FAC to identify three Doe Defendants. The Court has dismissed or stricken all claims from the FAC, so this motion is now moot.

## CONCLUSION

Defendants' motions to strike or dismiss are granted. The Court dismisses with prejudice all claims relating to the NOD and NOS. The Court strikes claims new to the FAC for which Fields was not given leave to amend. Fields's motion for leave to amend to identify Doe Defendants is denied as moot. The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: November 27, 2017

JON S. TIGAR
United States District Judge